**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TRACY B., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 2:25-cv-00490** |
| | : | **Chief Judge Sarah D. Morrison** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, Tracy B., brings this pro se action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). Having reviewed the administrative record, the briefs of the parties, and the applicable law, the Undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors (ECF No. 9) and **AFFIRM** the Commissioner's decision.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for DIB on June 17, 2021, and for SSI on August 31, 2021, alleging disability beginning March 1, 2021, due to nerve issues in her back, as well as diabetes, depression, anxiety, gout, chronic chest pain, and chronic leg pain. (ECF No. 7-6, at PageID 236.) Her applications were denied initially and on reconsideration. Following a hearing on October 19,

1

2023, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled under Social Security Act.  (ECF No. 7-2, at PageID 45–58.)

The ALJ evaluated Plaintiff's application through the five-step process.[1]  The ALJ summarized Plaintiff's medical records and symptoms related to her severe physical impairments (*id.* at PageID 52–53); mental impairments (*id.* at PageID 54); as well as Plaintiff's statements to the agency and the relevant hearing testimony (*id.* at PageID 51–52).  The ALJ found that Plaintiff had the following severe impairments: mild degenerative disc disease of the lumbar spine with radiculopathy; degenerative joint disease right AC joint; generalized osteoarthritis; obesity; Raynaud's disease; diabetes mellitus II with mild polyneuropathy; muscle inflammation/fibromyalgia; major depressive disorder; generalized anxiety disorder; and post-traumatic stress disorder (PTSD).  (*Id.* at PageID 48.)  But the ALJ concluded that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]"  (*Id.*)

The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing ladders, ropes, and scaffolds; frequent stooping, kneeling, crouching, crawling; occasional climbing ramps and stairs; frequent handling and fingering with the bilateral upper extremities. Mentally, able to maintain superficial interaction with others in the

---

[1] "[A]t Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are 'severe;' at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy." *Justine S. v. Comm'r of Soc. Sec.*, No. 3:22-CV-165, 2023 WL 5177423, at *2 (S.D. Ohio Aug. 11, 2023) (citations omitted).

workplace. Superficial interaction is defined as impersonal interaction but adequate to perform tasks assigned. Can perform tasks that have infrequent changes and do not have fast paced demands or strict production quotas (i.e., no assembly line).

(*Id.* at PageID 51.)

Relying on the vocational expert's ("VE") testimony, and accounting for Plaintiff's age, education, work experience, and the RFC, the ALJ determined that, although Plaintiff could not perform her past relevant work as a retail store manager or an accounting clerk, there were jobs that Plaintiff could perform at the light exertional level, such as a marker, routing clerk, or router. (*Id.* at PageID 56–57.)  The ALJ therefore found Plaintiff not disabled under the Social Security Act.  (*Id.* at PageID 58.)

The Appeals Council denied Plaintiff's request to review the ALJ's decision, and this appeal followed.  (*Id.* at PageID 29–34.)

## II.   STANDARD OF REVIEW

The Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

3

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (citations omitted).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices the claimant on the merits or deprives the claimant of a substantial right."  *Rabbers*, 582 F.3d at 651 (quotations omitted).

## III.    ANALYSIS

Plaintiff appears to challenge whether there is substantial evidence in the record to demonstrate that the combination of her medical conditions warrant a finding of disability.  (ECF No. 9, at PageID 779.)  She further challenges the ALJ's determination with respect to her whether her cognitive functioning was severe and introduces new evidence to demonstrate its purported severity.  (*Id.*)  The Commissioner contends that the ALJ's determination was supported by substantial evidence and should be upheld.  (ECF No. 11.)

### A.    The ALJ Properly Evaluated the Combined Effect of Plaintiff's Impairments

Plaintiff contends that the combination of her impairments renders her unable to work.  The Undersigned construes this argument as one asserting that the ALJ failed to properly evaluate the

combined and cumulative effect of her impairments and whether the ALJ's ultimate determination was supported by substantial evidence.

Social Security regulations require the ALJ to consider the combined effect of all of Plaintiff's impairments. 20 C.F.R. §§ 404.1523, 416.923. Here, the ALJ determined that Plaintiff had severe impairments, including: mild degenerative disc disease of the lumbar spine with radiculopathy; degenerative joint disease right AC joint; generalized osteoarthritis; obesity; Raynaud's disease; diabetes mellitus II with mild polyneuropathy; muscle inflammation/fibromyalgia; major depressive disorder; generalized anxiety disorder; and post-traumatic stress disorder (PTSD). (ECF No. 7-2, at PageID 48.) The ALJ further found that these impairments "significantly limit[ed] the ability [for Plaintiff] to perform basic work activities[.]" (*Id.*) The ALJ also noted that she "considered the combined effect of all impairments on the claimant's ability to function," and likewise took them into account when assessing Plaintiff's RFC. (*Id.*)

Specifically, the ALJ identified evidence that supported her RFC finding for a reduced range of light work with mental limitations. (*Id.* at PageID 26–27.) With respect to Plaintiff's degenerative disc disease, osteoarthritis, obesity, and degenerative joint disease, the ALJ noted that "exams frequently showed normal range of motion, no lower extremity edema, moving all 4 extremities equally, no focal deficit, no sensory deficit, no weakness, [] normal gait . . . 5/5 strength in upper extremities and symmetric, no tender joints, [and] no swollen joints[.]" (*Id.* at PageID 26.) Further, when analyzing Plaintiff's diabetes mellitus II with mild polyneuropathy, Raynaud's disease, and muscle inflammation/fibromyalgia, the ALJ likewise noted that: "exams frequently

5

showed 5/5 strength in upper and lower extremities and symmetric, [Plaintiff] can oppose digits and make a fist, no tender joints, no swollen joints, no tenderness to palpation hands bilaterally, negative faber bilaterally, no synovitis or effusions, no MTP findings, moving all 4 extremities equally, no focal deficit, no sensory deficit, no weakness, and normal gait[.]" (*Id.*) To account for these physical limitations, the ALJ built additional restrictions into the RFC, including: "no climbing ladders, ropes and scaffolds, frequent stooping, kneeling, crouching, crawling, and occasional climbing ramps and stairs" and only "frequent handling and fingering with the bilateral upper extremities." (*Id.* at PageID 53.)

Similarly, the ALJ stated that she considered Plaintiff's mental health, including her major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder (PTSD), but noted that Plaintiff's exams did not correspond with the severity she purported to have, including exams finding Plaintiff to be: "alert and oriented times three with goal directed thought process, normal speech, normal mood, normal affect, normal memory, normal insight, normal judgment, and no indication of hallucinations, delusions, paranoia, suicidal or homicidal ideations[.]" (*Id.* at PageID 26.) The ALJ accounted for Plaintiff's mental limitations by restricting her to "perform tasks that have infrequent changes and do not have fast paced demands or strict production quotas," and only permitted superficial interactions with others in the workplace. (*Id.*)

The ALJ also considered the opinions of the state agency physicians, who both found Plaintiff capable of light work. (ECF No. 7-2, at PageID 55.) The ALJ found their opinions "partially persuasive," noting that their findings were consistent and supported by the objective medical record evidence, which frequently showed Plaintiff maintaining normal findings during

6

examination." (*Id.*) The ALJ likewise found persuasive the state agency mental health consultants' opinions, which determined that Plaintiff could maintain superficial interaction with others in the workplace, and could perform tasks that have infrequent changes and do not have fast-paced demands or strict production quotas, and accounted for those limitations in her RFC. (*Id.* at PageID 51, 55.) The ALJ further provided reasons why she rejected other medical opinions, finding them to be vague, lacking sufficient details and explanation, and otherwise contradictory to the other record evidence. (*Id.* at PageID 56.)

As to both Plaintiff's physical and mental limitations, the ALJ also found that her activities of daily living contradicted the severity of her impairments, including her ability to care for a young grandchild, operate a motor vehicle, prepare meals, clean, and shop. (*Id.* at PageID 26–27 (citing to ECF No. 7-6 at PageID 275–78, No. 7-2 at PageID 68–82).) While Plaintiff may not have engaged vigorously in her activities, an ability to function in these ways may be considered when assessing disability. *See, e.g., Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 846 (6th Cir. 2005) (finding substantial evidence supported non-disability conclusion where plaintiff could "engage in daily activities such as housekeeping, doing laundry, and maintaining a neat, attractive appearance" and "could engage in reading and playing cards on a regular basis, both of which require some concentration" (footnote omitted)); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (holding that a claimant's ability to perform household and social activities on a daily basis is contrary to a finding of disability).

Finally, although Plaintiff now contends that she has a "severe cognitive issue" that impact her speech and cause facial twitching, she did not raise that as an impairment in her application or

7

during the ALJ's hearing.  Additionally, the evidence she included is dated after the Appeal Council denied review, whereas the medical records submitted during the relevant timeframe reflected that her speech was normal, receptive, expressive, and otherwise unimpaired.  (*See* ECF No. 11, at PageID 399, 438, 648, 691, 697, 704, and 710.)

Thus, although the ALJ did find that Plaintiff had severe impairments, "[a]fter consideration of the entire record" (*id.* at PageID 51), the ALJ determined that Plaintiff still could perform light work with additional exceptions as set forth in the RFC above.  In coming to this conclusion, the ALJ opined that she considered the entirety of the medical evidence, the state agency reviewers' opinions, Plaintiff's testimony, and the VE's opinion.  (*Id.* at PageID 48–57.) This is sufficient to "establish that the ALJ considered the cumulative effect" of Plaintiff's impairments and that the ALJ's decision was supported by substantial evidence in the record.  *See Showalter v. Kijakazi*, No. 22-5718, 2023 WL 2523304, at *4 (6th Cir. Mar. 15, 2023).

**B.  Sentence Six Remand is not Warranted**

Plaintiff attaches a medical report dated April 10, 2025, which cites subjective complaints of speech disturbance and cognitive impairment, including intermittent speech hesitancy and delay and difficulty word finding.  (ECF No. 9, at PageID 781–82.)  This record is dated after the Appeal's Council's February 2025 denial of review and was not part of the record before the ALJ. Although Plaintiff has not asked for a Sentence Six remand in so many words, the Court will liberally construe Plaintiff's argument here as such a request.

Under Sentence Six of 42 U.S.C. § 405(g), the Court may remand a case to the Social Security Administration "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). A Sentence Six remand for consideration of additional evidence is warranted only if (1) there is good cause for the failure to incorporate this evidence into the record at the prior hearing, and (2) the evidence is new and material. 42 U.S.C. § 405(g); *see also Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Plaintiff bears the burden of establishing the two requirements. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). To establish good cause, a plaintiff "must give a valid reason for his failure to obtain evidence prior to the hearing" for inclusion in the administrative record. *Oliver v. Sec'y of Health & Hum. Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). "Evidence produced by continued medical treatment" meets the good-cause requirement for a Sentence Six remand, unlike evidence generated "for the purpose of attempting to prove disability." *Smith v. Comm'r of Soc. Sec.*, No. 2:18-cv-01171, 2020 WL 358703, at *8 (S.D. Ohio Jan. 22, 2020), *report and recommendation adopted*, No. 2:18-CV-1171, 2020 WL 1684810 (S.D. Ohio Apr. 7, 2020) (citations omitted). Evidence is "new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citations omitted). Finally, evidence is material "only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (citations omitted).

Here, Plaintiff fails to demonstrate good cause as to why she failed to present this evidence prior to the ALJ's decision. Specifically, Plaintiff alleges that she has discussed the severe cognitive issue with her doctors and does not know why it was not documented until recently. (ECF No. 9, at PageID 779.) Thus, to the extent that Plaintiff suffered from this impairment during the relevant timeframe, she could have raised this issue prior to the ALJ's decision but failed to do so.

Moreover, even if this constitutes new evidence, Plaintiff has likewise failed to demonstrate that this information is material. In this case, Plaintiff's only additional evidence is one medical record, dated a year after the ALJ's decision, and reflecting Plaintiff's then-current, subjective complaints of cognitive and speech impairments, but otherwise lacking objective medical findings as to the veracity or longevity of those impairments. Thus, there is not "reasonable probability" that the ALJ would have found Plaintiff's subjective complaints of cognitive impairment impactful, especially when the new medical record did not appear to be related to the relevant timeframe and lacked objective medical or laboratory findings. *See Holman v. Comm'r of Soc. Sec.*, No. 2:18-cv-448, 2019 WL 696943, at *6 (S.D. Ohio Feb. 20, 2019) ("Evidence is not 'material for purposes of Sentence Six [unless] it is time-relevant, i.e., either it relates to the period on or before the date the ALJ rendered his decision.'" (citations omitted)); *see also Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) (finding no materiality when the new evidence was "not supported by any specific laboratory test or diagnostic procedure identifying a specific physical condition"). Moreover, to the extent this is

10

a worsening condition and not a new one, the appropriate remedy would be to file a new application, not seek a remand. *Sizemore*, 865 F.2d at 712.

## VI. CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Based on the foregoing, it is therefore, **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED,** and that the Commissioner's decision be **AFFIRMED.**

## VII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

11

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

        **IT IS SO ORDERED.**

                                   */s/ S. Courter M. Shimeall*
                                   **S. COURTER M. SHIMEALL**
                                   **UNITED STATES MAGISTRATE JUDGE**